IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2013 MAY -1  PM 3: 36

CLERK
WESTERN
BY

LAWRENCE C. MATHIS,

              **Plaintiff,**

-vs-

DCR MORTGAGE III SUB I, LLC; DCR REAL
ESTATE SUB I, LLC; DIRECTED CAPITAL
RESOURCES, LLC; RCH LOAN SERVICING,
LLC; CHRISTOPHER SCOTT MOENCH;
FRED S. RAZOOK, JR.; LANCE B. AMANO;
and SUANNE K. YAGMIN,

              **Defendants.**

**Case No.  A-13-CA-192-SS**

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Lawrence C. Mathis's Motion to Remand [#8], Defendants' Response [#9], and Mathis's Reply [#12]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

Plaintiff Lawrence Mathis filed this lawsuit in Texas state court on January 13, 2013, alleging a handful of causes of action against eight defendants based on a foreclosure of Mathis's property. This is the second lawsuit involving Mathis and this property, however, and the history of the first suit is important to understanding the second.

Mathis purchased the property located at 2200 Tillery Street, Austin, Texas 78723 around March 2000. Mathis's mortgage payments were habitually late, and DCR Mortgage III Sub I, LLC

(DCR) sought to foreclose on the property in 2009. On April 29, 2009, Mathis filed suit in Texas state court seeking declaratory relief and a temporary injunction preventing DCR from foreclosing. *Mathis v. DCR Mortg. III Sub I, L.L.C.*, 389 S.W.3d 494 (Tex. App.—El Paso 2012, no pet.) (*Mathis I*). Mathis and DCR are the only parties to *Mathis I*.[1] The trial court held a bench trial and entered final judgment in favor of DCR on March 2, 2010. *Id.* In addition to determining DCR was entitled to foreclose, the court awarded DCR attorney's fees and $105,728.16 in payments deposited into the registry by Mathis. *Id.*

Mathis appealed the judgment, but did not post a supersedeas bond. On February 1, 2011, nearly one year after the trial court entered its judgment, DCR foreclosed on the property. Eight months later, on October 10, 2012, the Eighth Court of Appeals in El Paso, Texas, reversed the judgment of the trial court because DCR did not provide proper notice of its intent to accelerate the debt. *Id.* at 508. The case was remanded to the trial court "to determine the final computations, provide for disbursements, and render the entry of a judgment in accordance with [the] opinion." *Id.* The mandate issued on January 11, 2013.

Within two days of the mandate, Mathis filed this suit in state court. Named as defendants are DCR and seven others. The causes of action include wrongful foreclosure, violations of the Texas Deceptive Trade Practices Act, various forms of fraud, conversion, forgery, civil and criminal conspiracy, breach of contract, and negligence. Defendants removed to this Court on March 7, 2013, on the basis of diversity jurisdiction. Defendants subsequently moved to dismiss, and Mathis's response is due May 10, 2013, following two agreed extensions of time to respond. In the meantime,

---

[1] Jeffrey A. Walsh, the trustee under the deed of trust, was also named as a defendant, but was dismissed from the case on September 25, 2009.

Mathis has filed a motion to remand the case to the state court, where he represents he may seek to consolidate this case with *Mathis I*.

## Analysis

Mathis does not contend this Court lacks jurisdiction to hear this case. Instead, Mathis argues DCR's litigation of *Mathis I* in the state court amounts to a waiver of DCR's right of removal in *this* case, and thus requires DCR and the other seven defendants not sued in *Mathis I* to litigate these new causes of action in state court. Mathis's argument is novel, and thus Mathis relies primarily on a two district court cases from other jurisdictions resolving similar (though certainly not identical) issues.

Mathis's opening salvo claims "[a] defendant waives their right to remove a case if it proceeds to defend the case in state court." Mot. to Remand [#8] at 4 (citing *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986)). Mathis' reliance on *Demco* is misplaced for two reasons. First, *Demco* applied the law as it existed in 1986, and concluded a defendant added to a suit five years after the initial complaint was barred from removing the suit by its co-defendants' decision to litigate the case in state court for four years rather than removing within the first thirty days. 792 F.2d at 481–82. The removal statute has since been amended, and now includes a "last-served defendant rule," which allows a later-added defendant to remove within thirty days of service. 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."); *Noland v. Energy Res. Tech., Inc.*, No. 3:12-CV-00330, 2013 WL 177446, at *2 (S.D. Tex. Jan. 16, 2013). While *Demco* was therefore a plausible, though minority, view of the law in 1986, Congress's subsequent codification of the last-served defendant rule suggests *Demco* does not support the broad, uniform rule espoused by Mathis. *See Noland*, 2013 WL 177446, at *2.

Second, *Demco* is factually distinguishable from the present case in a critical respect. In *Demco*, the late-added defendant was joined to the same lawsuit as the other defendants. 792 F.2d at 481. In this case, DCR and the other seven defendants are named parties in a *new lawsuit*, filed as a separate proceeding nearly four years after the original suit. Even if *Demco* were still controlling in light of the amendments to § 1446, its logic surely does not extend from late-added defendants within a single case to defendants named in the initial pleading of a separate suit. While "a defendant may waive removal by proceeding in state court," nothing in *Demco* suggests such a waiver extends to later-filed suits, even if those suits involve some similar parties or issues.

Unable to find any support within the Fifth Circuit, Mathis retreats to an older decision from a federal court in New York. *See Home Indem. Co. v. Greyhound Corp.*, No. 89 Civ. 0825 (PNL), 1989 U.S. Dist. LEXIS 8687 (S.D.N.Y. July 26, 1989). In *Home Indemnity*, Greyhound filed suit in state court seeking reformation of insurance policies issued by Home Indemnity. *Id.* at *2. Approximately six months after Greyhound initiated the state court suit, Home Indemnity formally declined coverage of the claimed loss and filed its own suit in state court seeking a declaratory judgment its policy did not cover the loss. *Id.* at *3. Greyhound removed the suit to federal court. *Id.* The federal court remanded the case, noting Home Indemnity's second-filed suit "involve[d] exactly the question which Greyhound submitted to adjudication in the state court" by its own first-filed suit. *Id.* at *6. The court concluded Greyhound's "filing of its action in the state court must be construed as a substantial manifestation of intent to submit the principal issue of this case to New York State Court adjudication." *Id.*

Although more similar to this case than *Demco*, the *Home Indemnity* case is still distinguishable in critical ways from these two lawsuits. First, the parties in the two suits are not

-4-

identical: *Mathis I* named only Mathis and DCR, whereas this suit adds seven other defendants who have never been involved in this litigation and thus could not be construed to have manifested any intent to submit the case to state court adjudication.[2] The concept of cross-case waiver might make some sense when identical parties are involved, but there is an inherent unfairness in Mathis's extension of the concept to allow the actions of one defendant to prejudice the rights of other defendants in a separate lawsuit filed years later. Second, the issues in the two suits are not identical, either: *Mathis I* sought a temporary injunction preventing a foreclosure and a declaratory judgment, whereas this suit brings a grab-bag of causes of action seeking to recover damages for a foreclosure which took place only *after* the *Mathis I* court concluded DCR had the right to foreclose. While the property at issue is the same, the pre- and post-foreclosure lawsuits are addressed at different parties, allege distinct causes of action, and seek distinct forms of relief.

The final authority Mathis relies on is *Westwood v. Fronk*, 177 F. Supp. 2d 536, 541–42 (N.D.W. Va. 2001). In *Fronk*, the court concluded—noting the sparse and inconsistent case law on the subject—one defendant's waiver of his right of removal amounted to a "constructive waiver" of his co-defendants' rights. *Id.* Alternatively, the court concluded the rule of unanimity, which requires all defendants to consent to removal, was violated because Fronk, having waived his right of removal, could not consent. *Id.* at 542–43. Of course, *Fronk* is distinguishable because it involved a single lawsuit, not multiple lawsuits by the same plaintiff against different defendants alleging different causes of action. Mathis identifies no authority—and this Court is aware of none—holding

___

[2] Also unlike *Home Indemnity*, Mathis initiated both state court lawsuits. The *Home Indemnity* court emphasized the importance of Greyhound filing its own state court suit as a manifestation of intent to proceed in state court, which is distinguishable from a litigant defending a suit brought by another party in state court. *See* 1989 U.S. Dist. LEXIS at *6.

a defendant's waiver of removal in one case amounts to a constructive waiver of his co-defendants' rights in another case, or precludes him from consenting to removal in another case.

### Conclusion

The removal in this case was proper. Mathis insists this case is intimately related to *Mathis I*, merely alleging "additional claims and parties based on the same set of facts and transactions." Pl.'s Reply [#12] at 4. Mathis further insists Texas law allows him to amend a petition to include new claims and parties on remand following an appeal. Assuming Mathis is correct,[3] he could have—perhaps should have—done so in this case. Instead, Mathis chose to file a new lawsuit against new defendants alleging new causes of action. Although there is some similarity because both cases involve the same property, the cases are nevertheless distinct legal proceedings, and DCR's actions in *Mathis I* do not preclude the defendants from removing in this case.

Accordingly,

IT IS ORDERED that Plaintiff Lawrence C. Mathis's Motion to Remand [#8] is DENIED.

SIGNED this the 30ᵗʰ day of April 2013.

_Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE

---

[3] Defendants dispute the point, but the Court need not resolve the issue to determine the remand question.