IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

LAWRENCE C. MATHIS,
          Plaintiff,

-vs-                                                          Case No.  A-13-CA-192-SS

DCR MORTGAGE III SUB, I, LLC,
          Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant DCR Mortgage III Sub I, LLC's Motion for Summary Judgment [#77], Plaintiff Lawrence Mathis's Response [#78], and DCR's Reply [#80]; and DCR's Motion for Extension of Time to File Reply [#79].[1] Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders DENYING the motion for summary judgment.

### Background

In this lawsuit, Mathis alleges DCR breached the parties' agreement and wrongfully foreclosed on a commercial property owned by Mathis. The property, located at 2200 Tillery Street in Austin, Texas, was purchased by Mathis on March 31, 2000. Mathis purchased the property with the intent of leasing it to his company, SmartMail of Austin, Inc., a direct mail business. The purchase was financed by a Note in the amount of $440,000, and secured by a Deed of Trust, both in favor of Norwest Bank, N.A., the original lender.

---

[1] The Motion for Extension of Time [#79] is GRANTED.

DCR acquired the Note and Deed of Trust in September 2006. At that time, Mathis was three months behind on his mortgage payments. Over the next year and a half, Mathis fell further behind. As of April 2008, he was approximately twelve payments behind. After making a few payments, Mathis was ten payments behind as of July 2008. Mathis also had substantial outstanding tax obligations on the property. Mathis's next payment came in February 2009, when he tendered a check for three months' payments. On April 8, 2009, Mathis tendered a payment for $52,025.60, the full amount of his overdue installment payments. On April 13, 2009, DCR, through its appointed substitute trustee, filed a Notice of Foreclosure Sale scheduling the property for sale on May 5, 2009. DCR justified the foreclosure by informing Mathis the Note had previously been accelerated pursuant to a February 19, 2007 Notice of Acceleration.[2] On April 14, 2009, Mathis tendered another payment of $2,601.28.

Mathis subsequently filed suit in Texas state court on April 29, 2009, seeking to stop the foreclosure and declare the rights of the parties under the Note. After the lawsuit was filed, DCR rejected Mathis's April 8 payment and returned it to him. Mathis placed those funds in the registry of the trial court, and deposited monthly payments into the registry until a final judgment was entered. In July 2009, Mathis also paid his outstanding tax obligations and had any tax liens on the property released. As of July 28, 2009—assuming DCR would accept the amounts deposited in the registry of the trial court—Mathis was apparently current on his mortgage.

After conducting a bench trial, the trial court entered a final judgment on June 10, 2010. *See Mathis v. DCR Mortg. III Sub I., L.L.C.*, 389 S.W.3d 494, 496 (Tex. App.—El Paso 2012, no pet.)

---

[2] Mathis disputes ever receiving this 2007 notice, and further contends it is entirely fraudulent, based in part on the testimony of a DCR representative who stated he mailed the notice at the post office on a federal holiday.

(*Mathis I*) (recounting the history of the case); *see also id.* at 502–04 (repeating the findings of fact and conclusions of law entered by the trial court). The trial court concluded Mathis had validly waived his right to receive notice of intent to accelerate and notice of acceleration under the terms of the Note, held the Note was validly accelerated by DCR in 2007, and authorized DCR to foreclose on the property. *Id.* at 502–04. Mathis appealed the judgment, but did not post a supersedeas bond. While the appeal was pending, on February 1, 2011, DCR foreclosed on the property. DCR sold the property to itself for $500,000, and eventually relisted it for $1,600,000.

The hammer fell on October 10, 2012, when the court of appeals reversed the trial court. *Id.* at 496. The appellate court "conclude[d] that DCR was required to give Mathis notice of intent to accelerate the debt and that no such notice was given." *Id.* Accordingly, the court held "any attempted acceleration was improper," and the case was remanded to the trial court. *Id.* The case apparently remains pending on remand, though its exact status is unknown to the Court.

Mathis responded by filing this second lawsuit in Texas state court, alleging numerous causes of action against DCR and a variety of subsidiaries, affiliates, and associated individuals. The case was eventually removed to this Court. As it now stands, the case has been reduced to two claims against DCR: (1) wrongful foreclosure, and (2) breach of contract. DCR now moves for summary judgment on both causes of action.

## Analysis

### I.   Summary Judgment—Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant

and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II.   Application

### A.   Wrongful Foreclosure

"The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). DCR argues it is entitled to summary judgment on Mathis's wrongful foreclosure claim because Mathis has no evidence of the first or third elements.

DCR first argues there can be no defect in the foreclosure proceedings because DCR foreclosed pursuant to a valid and enforceable judgment entered by the trial court in *Mathis I*. DCR previously advanced essentially the same argument in its motion to dismiss in this case, relying on a single case involving substantially different facts. This Court distinguished that case as inapposite, and noted it fell short of supporting the kind of broad immunity argument read into its holding by DCR. *See Mathis v. DCR Mortg. III Sub I, LLC*, 925 F. Supp. 2d 828, 833–34 (W.D. Tex. 2013) (discussing *Gen. Elec. Capital Assurance Co. v. Jackson*, 135 S.W.3d 849 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). DCR has now abandoned *General Electric*, and instead relies exclusively on *Terra XXI, Ltd. v. Harmon*, 279 S.W.3d 781 (Tex. App.—Amarillo 2007, pet. denied).

Once again, DCR extracts too broad a principle from the case it cites. In *Terra XXI*, debtors sued a creditor and the substitute trustee who foreclosed on their property following their Chapter

11 bankruptcy reorganization. 279 S.W.3d at 784. The debtors contended their Chapter 11 plan had extinguished the deed of trust and thus deprived the substitute trustee of his authority to sell the property pursuant to the deed of trust. *Id.* at 786. The court rejected that argument, explaining the Chapter 11 plan and the parties' agreed orders, approved by the bankruptcy court, incorporated the deed of trust and expressly provided for nonjudicial foreclosure in the event of a default. *Id.* The debtors additionally argued the substitute trustee had failed to provide proper notice of default and acceleration after the bankruptcy proceedings had concluded. *Id.* at 787. The court held to the contrary, noting the parties, through their agreed orders, had "agreed to the form of proper notice." *Id.* (citing *Micrea, Inc. v. Eureka Life Ins. Co. of Am.*, 534 S.W.2d 348, 357 (Tex. Civ. App.—Fort Worth 1976, writ ref'd n.r.e.), for the proposition parties can contractually waive their rights to notice of intent to accelerate). The court also reviewed the notice of acceleration provided to the debtors and found it adequate. *Id.*

The facts of *Terra XXI* are substantially different from those in this case. First, the parties agreed to the relevant judicial orders involved and did not continue to litigate them on appeal. Second, the foreclosure was not simply conducted based on the parties' agreed orders entered by the bankruptcy court. Instead, the substitute trustee provided a renewed notice of acceleration—and the debtors agreed to waive their right to notice of intent to accelerate—pursuant to the express terms of the parties' agreement. DCR reads *Terra XXI* as holding "that when a foreclosure sale is predicated by a judicial proceeding authorizing foreclosure, a lienholder may rely on the Court's authority to initiate foreclosure proceedings." Mot. Summ. J. [#77], at 8. But there was no "judicial proceeding authorizing foreclosure" in *Terra XXI*. Instead, the bankruptcy proceeding produced a new agreement which set forth conditions of performance and default, and the debtors' subsequent

failure to perform allowed the substitute trustee to exercise his contractual right to foreclose after providing notice as required by the parties' agreements. *Terra XXI*, 279 S.W.3d at 786.

To be clear, DCR was entitled to rely on the judgment of the trial court in *Mathis I* when it foreclosed on the property. The trial court had held the Note was properly accelerated and expressly authorized foreclosure. But by executing on that judgment while the appeal was pending, DCR risked an adverse outcome on appeal. If the appellate court had affirmed in *Mathis I*, this lawsuit would not exist. But it did not affirm. It reversed, and held DCR's attempted acceleration was ineffective because DCR did not provide notice of intent to accelerate (and an opportunity to cure), and Mathis had not waived his right to such notice. The foreclosure was therefore carried out without proper notice to Mathis, which at a minimum raises a fact issue regarding the propriety of the foreclosure proceedings. Nothing in *Terra XXI* or *General Electric* suggests DCR is now immune from the consequences of its actions simply because it relied on a court order. If DCR had taken steps to recover a money judgment against Mathis, and that judgment was subsequently reversed, DCR would surely not argue it was nevertheless entitled to keep the money because it acted faster than the appellate court.

DCR next argues there is no evidence of any causal connection between the alleged defect—DCR's failure to provide notice of intent to accelerate and an opportunity to cure—and the selling price of the property. Based on a review of the summary judgment record, the Court concludes there is at least a factual dispute as to the causation question. DCR, as the mortgagee, had a duty to ensure a fair sale of the property. *Pentad Joint Venture v. First Nat'l Bank of La Grange*, 797 S.W.2d 92, 96 (Tex. App.—Austin 1990, writ denied) (citing *Tarrant Sav. Ass'n v. Lucky Homes, Inc.*, 390 S.W.2d 473, 476 (Tex. 1965)). The summary judgment record reflects DCR failed

to give proper notice of intent to accelerate and an opportunity to cure to Mathis prior to foreclosure,[3] rejected his payment of more than $52,000 (which allegedly would have brought him current) after Mathis filed his first lawsuit, and sold the property to itself while litigation over the validity of DCR's foreclosure efforts was pending on appeal. These facts, coupled with the extremely low price paid by DCR—by some estimates less than one third of what the property was worth—at least raise the plausible inference DCR refused to give Mathis an opportunity to cure in order to sell itself the property for a profit. *See Crow v. Heath*, 516 S.W.2d 225, 228 (Tex. Civ. App.—Corpus Christi 1974, writ ref'd n.r.e.) ("Since the mortgagee . . . did not give the requisite notice of intention to accelerate the indebtedness to the Heaths, this irregularity coupled with the inadequacy of consideration are sufficient to set aside the sale as it concerns the Heaths.").

**B.    Breach of Contract**

"The essential elements in a suit for breach of contract are: (1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach." *Hussong v. Schwan's Sales Enters., Inc.*, 896 S.W.2d 320, 326 (Tex. App.—Houston [1st Dist.] 1995, no pet.). DCR contends it is entitled to summary judgment on Mathis's breach of contract claim because: (1) there is no evidence Mathis performed; (2) there is no evidence DCR breached; and (3) there is no evidence of damages.

DCR argues there is no evidence Mathis performed because it is undisputed he was not current on his payments at the time of the foreclosure in February 2011. First, February 2011 is the

---

[3] *See Mathis I*, 389 S.W.3d at 507 ("It is undisputed that there was no notice of intent to accelerate and time to cure.").

wrong date from which to measure Mathis's performance. DCR did not base its foreclosure on Mathis's failure to make timely payments during the time *Mathis I* was pending on appeal, as it suggests in its briefing. DCR's decision to foreclose was made in April 2009, based on an alleged acceleration from 2007, when DCR noticed the property for foreclosure without first providing Mathis an opportunity to cure. Second, as of April 2009, there is at least a factual dispute regarding Mathis's performance, particularly in light of undisputed evidence showing DCR had accepted late payments and generally continued to work with Mathis to bring the mortgage current prior to its decision to foreclose. *See, e.g.*, Pl.'s Resp. [#78-12], Ex. 2-C (Moench Depo.), at App. 248 (DCR corporate representative admitting DCR "accept[ed] occasional payments as gestures that it was moving forward" with the parties' plans to bring Mathis current); *see also Henry v. Masson*, 333 S.W.3d 825, 841 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("If the non-breaching party elects to treat the contract as continuing after a breach and continues to demand performance, it obligates itself to perform fully.").

DCR also argues Mathis has no evidence DCR failed to perform because, at the time DCR foreclosed, providing notice of intent to accelerate and an opportunity to cure was "rendered impossible or impracticable by the Trial Court's Final Judgment." Mot. Summ. J. [#77], at 11. DCR has never pleaded impossibility as a defense in this case, nor has it shown good cause to allow it to amend its answer to assert such a defense after more than a year of litigation and less than two months prior to docket call and, depending on scheduling, trial. *See Key Energy Servs., Inc. v. Eustace*, 290 S.W.3d 332, 339 (Tex. App.—Eastland 2009, no pet.) (impossibility is an affirmative defense to a breach of contract claim). DCR has therefore waived any such defense. *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) ("Failure to timely plead an affirmative defense

may result in waiver and the exclusion of the defense from the case."). Second, DCR suggests it is not literally asserting impossibility as a defense, but rather arguing *Terra XXI* suggests DCR can rely on the *Mathis I* trial court judgment as an excuse for not providing notice of intent to accelerate and an opportunity to cure. As the Court previously discussed, *Terra XXI* makes no such statement. The substitute trustee in *Terra XXI* was relieved from liability because: (1) the parties had agreed to waive notice of intent to accelerate; and (2) the substitute trustee actually provided a valid notice of acceleration after the bankruptcy proceedings had concluded. *Terra XXI*, 279 S.W.3d at 786–87. In this case, the *Mathis I* appellate court expressly held the parties *did not* agree to waive notice of intent to accelerate, and DCR did not provide such notice. There is, at a minimum, evidence DCR was contractually obligated to provide notice of intent to accelerate and an opportunity to cure, and evidence it failed to do so prior to foreclosing.

Finally, DCR contends Mathis has no evidence of contractual damages because any damages Mathis suffered were proximately caused by Mathis's own conduct, not any breach by DCR. This is a pure factual dispute. Mathis's own declaration provides testimony indicating Mathis was financially capable of curing his default by at least July 28, 2009. Pl.'s Resp. [#78-2], Ex. 1 ¶ 9. In addition to the payments Mathis had provided to both DCR and the *Mathis I* trial court, and Mathis's payment of his outstanding tax liens, Mathis suggests he could have either sold the property, secured a buyout of his business, or secured financing to become current. Because DCR never provided him the opportunity to cure—or, at the least, rejected his attempted cure in April 2009—the property was foreclosed on, and Mathis suffered damages as a result.

Although Mathis has provided at least some evidence of contract damages, Mathis also seeks to recover alleged "lost profits" of his business and tenant, SmartMail. At this time, the Court cannot

-10-

glean all the necessary facts from the parties' briefing to determine whether such profits are recoverable by Mathis. Suffice it to say Mathis's ability to recover any of SmartMail's profits under a breach of contract theory is a fact-intensive inquiry, involving (among other things) the disputed question whether SmartMail had ever been profitable. The Court will resolve the issue based on the evidence presented at trial.

## Conclusion

This is a messy case made more complicated by the parties' lengthy history of dealings with each other, including their prior and ongoing litigation in the state court. Based on the record presented to the Court at this time, factual issues abound and make summary judgment inappropriate. Accordingly,

IT IS ORDERED that Defendant DCR Mortgage III Sub I, LLC's Motion for Summary Judgment [#77] is DENIED;

IT IS FINALLY ORDERED that Defendant DCR Mortgage III Sub I, LLC's Motion for Extension of Time to File Reply [#79] is GRANTED.

SIGNED this the 7th day of August 2014.

SAM SPARKS
UNITED STATES DISTRICT JUDGE