FILED
2015 JUN 25 AM 9:29
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

LAWRENCE C. MATHIS,
    Plaintiff,

-vs-                                  Case No. A-13-CA-192-SS

DCR MORTGAGE III SUB, I, LLC; DCR REAL
ESTATE SUB I, LLC; DIRECTED CAPITAL
RESOURCES, LLC; RCH LOAN SERVICING,
LLC; CHRISTOPHER SCOTT MOENCH;
FRED S. RAZOOK, JR.; LANCE B. AMANO;
and SUANNE K. YAGMIN,
    Defendants.

## JUDGMENT

BE IT REMEMBERED on the 27th day of April 2015, the Court called the above-captioned matter for trial, and the plaintiff Lawrence C. Mathis and the defendant DCR Mortgage III Sub I, LLC (DCR) appeared with their respective counsel. The parties announced ready for trial, and a jury of seven duly and legally qualified jurors was sworn in, and thereafter, the case proceeded to trial. On April 29, 2015, Mr. Mathis rested his case, and DCR filed a motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure, which the Court carried. The trial continued until DCR rested its case, also on April 29, 2015. DCR then renewed its motion for judgment as a matter of law, and the Court continued the above ruling. The case was submitted to the jury that same day.

The jury returned its verdict on April 30, 2015, answering specifically: Question 1 "Yes," finding there was a defect in the foreclosure sale proceedings of the Tillery Property; Question 2

"$1,025,000.00," finding the fair market value of the Tillery Property on February 1, 2011, the date of the foreclosure sale, was as such; Question 3 "Yes," finding the $500,000.00 credit bid was a grossly inadequate selling price for the Tillery Property on February 1, 2011; and Question 4 "Yes," finding there was a causal connection between the defect in the foreclosure sale proceedings and the grossly inadequate selling price of the Tillery Property. In response to Question 5(a), the jury found the amount of money Mr. Mathis owed on the note held by DCR as of February 1, 2011, was $250,824.78. In response to Question 5(b), the jury found that the amount of money Mr. Mathis owed on the Small Business Association loan as of February 1, 2011, was $241,389.66. Finally, in response to Question 5(c), the jury found Mr. Mathis failed to prove, by a preponderance of the evidence, the amount owed on the bridge loan from BCL of Texas.

Following the verdict, Mr. Mathis filed his motion for entry of judgment on the verdict or for alternative relief if necessary, and DCR filed its renewed motion for judgment as a matter of law. The Court thereafter entered its order granting Mr. Mathis's motion for entry of judgment and denying DCR's renewed motion for judgment as a matter of law.

Accordingly, the Court, having accepted the verdict and having the verdict filed with the Clerk, finds from the pleadings, verdict, and under the law, that the following judgment should be entered and is so entered:

> IT IS ORDERED, ADJUDGED, and DECREED that the plaintiff Lawrence C. Mathis do have and recover judgment on his claim for wrongful foreclosure against the defendant DCR Mortgage III Sub I, LLC in the amount of SEVEN HUNDRED SIXTEEN THOUSAND NINE HUNDRED FORTY-SEVEN AND 06/100 DOLLARS ($716,947.06), plus prejudgment interest in the amount of EIGHTY-SIX THOUSAND THIRTY-THREE

AND 65/100 DOLLARS ($86,033.65), plus post-judgment interest at 0.27% per annum until paid, plus costs of suit, for which let execution issue; and

IT IS FINALLY ORDERED, ADJUDGED, and DECREED that the plaintiff Lawrence C. Mathis TAKE NOTHING on his claim for breach of contract against the defendant DCR Mortgage III Sub I, LLC.[1]

SIGNED this the 25th day of June 2015.

                                                      /s/ Sam Sparks
                                      SAM SPARKS
                                      UNITED STATES DISTRICT JUDGE

---

[1] The Court notes the plaintiff's claims against the defendants DCR Real Estate III Sub I, LLC, Directed Capital Resources, LLC, RCH Loan Servicing, LLC, Christopher Scott Moench, Fred S. Razook, Jr., Lance B. Amano, and Suanne K. Yagmin were dismissed by order of the Court on July 8, 2013. *See* Order of July 8, 2013 [#25].